UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X

IN RE:

    Thomas Nofer,

                           DEBTOR(S).

------------------------------------------------------X

Hearing Date:  May 7, 2015

Hearing Time: 11:00 AM

CASE NO.: 12-46694-nhl

Chapter: 7

JUDGE: NANCY H. LORD

## NOTICE OF MOTION FOR ORDER
## GRANTING RELIEF FROM AUTOMATIC STAY

SIRS:

    **PLEASE TAKE NOTICE** that Hartford Funding, LTD ("Movant") seeks relief from the automatic stay as to the property located at 54 Clifford Boulevard, Hauppauge, NY 11788, (the "Premises") and will move before the Honorable Nancy H. Lord, United States Bankruptcy Judge in the United States Bankruptcy Court for the Eastern District of New York located at 271 Cadman Plaza East, Courtroom 2529, Brooklyn, NY 11201, on May 7, 2015 at 11:00 AM, or as soon thereafter as counsel may be heard, for an Order:

    1.  Pursuant to Bankruptcy Rule 4001, 11 U.S.C. 362(d)(1) and 11 U.S.C. 362(d)(2) granting Movant, its successors and/or assigns, relief from the Automatic Stay;

    2.  Waiving the stay invoked pursuant to F.R.B.P. 4001(a)(3); and

    3.  Granting Movant such other and further relief as is just and proper.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief herein requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon, the undersigned counsel for the Movant seven (7) days prior to the return date of the within Motion.

Dated: March 20, 2015
      Plainview, New York

                Respectfully submitted,

                ROSICKI, ROSICKI & ASSOCIATES, P.C.
                By: Eric Sheidlower, Esq.
                Attorneys for Movant
                Main Office: 51 East Bethpage Road
                Plainview, NY 11803
                516-741-2585

To:
Thomas Nofer
Debtor
321 72nd Street
Brooklyn, NY 11209

Janine Nofer
Non-Filing Borrower
54 Clifford Boulevard
Hauppauge, NY 11788

Dean Weber, Esq
Attorney for Debtor
Dean Weber PC
300 Wheeler Road
Suite 101
Hauppauge, NY 11788

Robert L Pryor, Esq.
Pryor & Mandelup, LLP
675 Old Country Road
Westbury, NY 11590

Gilbert B Weisman, Esq.
Attorney for Creditor American Express Bank, FSB
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355

Daniel Mirarchi
Creditor
115-102 Dapple Court
Wilmington, NC 28403

Jeffrey S. Dubin, Esq.
Attorney for Creditors Sheet Metal Workers' National Pension Fund; National Energy
Management Institute Committee for the Sheet Metal and Air Conditioning Industry; Sheet
Metal Occupational Health Institute Trust; International Training Institute for the Sheet Metal
and Air Conditioning Industry; National Stabilization Agreement of the Sheet Metal Industry
Fund
Jeffrey S. Dubin, P.C.
464 New York Avenue, Suite 100
Huntington, New York 11743

Robert J. Musso, Esq.
Trustee
26 Court Street
Suite 2211
Brooklyn, NY 11242

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

IN RE:                                              CASE NO.: 12-46694-nhl

Thomas Nofer,                                       Chapter: 7

                            DEBTOR.                 JUDGE: NANCY H. LORD

--------------------------------------------------------X

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon the Application, dated March 20, 2015 (the "Application"), of Hartford Funding,

LTD (the "Movant"), by its attorneys, Rosicki, Rosicki & Associates, P.C., seeking an Order: (i)

modifying and terminating the automatic stay to permit the Movant to exercise all of its rights

and remedies with respect to certain collateral consisting of the real property known as 54

Clifford Boulevard, Hauppauge, NY 11788, (the "Premises"); and (ii) waiving the stay pursuant

to F.R.B.P. 4001(a)(3), and (iii) granting Movant such other and further relief as the Court deems

just and proper; and

The Application having come before this Court to be heard on May 7, 2015; and no

opposition to the relief requested having been heard; and in consideration of the foregoing, and

upon the affidavit of service filed with the Court, the record made at the hearing on the

Application and the decision reached at the conclusion thereof; and after due deliberation, the

relief requested appearing reasonable, proper and warranted in fact and by law under Section

362(d)(1) of the Code to permit Movant to exercise all of its rights and remedies under

applicable law with respect to the Premises, it is hereby

**ORDERED** that the Application of Movant is granted modifying the automatic stay to

allow Movant, its successors and/or assigns, to commence and/or continue with a foreclosure

action and eviction proceeding with respect to the Premises; and it is further

**ORDERED** that Movant may obtain a determination of any deficiency due it, if allowed under state law, and may file a proof of claim as an unsecured creditor for any such deficiency awarded therein, and it is further

**ORDERED** that the stay invoked pursuant to F.R.B.P. 4001(a)(3) is waived and this order is effective upon the signing of this order.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

      Thomas Nofer

                Debtor.

## ORDER GRANTING RELIEF FROM
## THE AUTOMATIC STAY

**ROSICKI, ROSICKI & ASSOCIATES, P.C.**
Attorneys for Movant
Main Office: 51 East Bethpage Road
Plainview, NY 11803
516-741-2585

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

IN RE:                                                          CASE NO.: 12-46694-nhl

    Thomas Nofer,                                          Chapter: 7

                          DEBTOR(S).          JUDGE: NANCY H. LORD
--------------------------------------------------------X

### APPLICATION IN SUPPORT OF AN ORDER
### MODIFYING AND TERMINATING THE AUTOMATIC STAY

TO:    **THE HONORABLE NANCY H. LORD**
       **UNITED STATES BANKRUPTCY JUDGE:**

        The Application of Hartford Funding, LTD ("Movant"), by its attorneys, Rosicki, Rosicki

& Associates, P.C., respectfully represents and says:

        Eric Sheidlower, Esq., an attorney at law duly admitted to practice before this Court and

the Courts of the State of New York, hereby affirms the following to be true under penalty of

perjury:

## I.    RELIEF REQUESTED

        1. This is a contested matter brought pursuant to Federal Rules of Bankruptcy Procedure

Rules 4001, 9013 and 9014 and Sections 361, 362(d) of Title 11 of the United States Code (the

"Bankruptcy Code"), for an Order: (i) granting Movant, its successors and/or assigns, relief from

the automatic stay due to the failure of Thomas Nofer, (the "Debtor") to make payments, and/or

offer and provide Movant with adequate protection for its security interest in the property located

at 54 Clifford Boulevard, Hauppauge, NY 11788 (the "Premises"); (ii) granting Movant waiver

of the stay invoked pursuant to F.R.B.P. 4001(a)(3); and (iii) granting Movant such other and

further relief as is just and proper.

## II.    BACKGROUND

        2. Movant is the holder of a Consolidated Note and Consolidation, Extension and

Modification Agreement, dated March 27, 2003, given by Thomas Nofer (the "Debtor") and

Janine Nofer (the "Non-Filing Borrower") in the original principal amount of $219,850.00 pledging the Premises as security.    Copies of the Consolidated Note and Consolidation, Extension and Modification Agreement are annexed hereto as Exhibit "A".

3. On September 19, 2012, the Debtor filed with the Clerk of this Court a petition for relief under Chapter 7 of the Bankruptcy Code.

4. As required by E.D.N.Y Administrative Order #533, the completed motion for relief Worksheet (the "Worksheet") is annexed hereto as Exhibit "B" executed by Baochau Nguyen dated March 6, 2015.

## III. THE APPLICATION

5. Based upon information provided by Movant, the Debtor is in contractual default under the terms of the Note and Mortgage for failure to make timely payments in the amount of $1,815.44 per month from June 1, 2011 through March 1, 2015, and the loan is contractually due for June 1, 2011.

6. That by failing to make mortgage payments, the Debtor has failed to provide Movant with adequate protection for its security, entitling Movant, its successors and/or assigns, to relief from the automatic stay.

7. Additionally, there is insufficient equity in the Premises.

8. Movant's total lien on the Premises as of the date of the within application is approximately $295,421.74.

9. According to the Debtor, the Premises has an estimated value of $505,000.00. A copy of the Broker's Price Opinion is annexed hereto as Exhibit "C".

10. Based upon the above, no equity exists in this Premises and it is not necessary for the Premises to be maintained by the estate.    Consequently, Movant is entitled to relief from the

automatic stay so that it may proceed with the enforcement of its security interest in the Premises.

11. For the reasons stated above, the Debtor has failed to adequately protect the interest of Movant, causing Movant irreparable harm and injury.

12. Additionally, by seeking relief under Chapter 7, Debtor is not seeking to reorganize and thus, the Premises is not necessary for a successful reorganization. Therefore, relief from stay is warranted pursuant to Section 362(d)(2).

13. Waiver of the stay invoked pursuant to F.R.B.P. 4001(a)(3) is sought so that Movant and its successors and/or assigns can immediately proceed with the foreclosure action and/or eviction proceeding.

## IV.  **CONCLUSION**

14. Relief from the stay is warranted under Section 362(d). Accordingly, the automatic stay must be modified to permit Movant to assert its rights in the Premises, including, but not limited to, the consummation of a foreclosure sale and eviction proceedings with respect to the Premises.

**WHEREFORE**, Movant respectfully requests that an Order be granted modifying the automatic stay as to it, its successors and/or assigns, permitting maintenance of a mortgage foreclosure action and eviction proceeding with respect to the Premises; waiving the stay

invoked pursuant to F.R.B.P. 4001(a)(3); and for such other and further relief as the Court may deem just and proper.

Dated: March 20, 2015
      Plainview, New York

                              Respectfully submitted,

                              ROSICKI, ROSICKI & ASSOCIATES, P.C.
                              By: Eric Sheidlower, Esq.
                              Attorneys for Movant
                              Main Office: 51 East Bethpage Road
                              Plainview, NY 11803
                              516-741-2585

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

      Thomas Nofer,

                Debtor.


## NOTICE OF MOTION AND APPLICATION
## IN SUPPORT OF ENTRY OF AN ORDER VACATING STAY


**ROSICKI, ROSICKI & ASSOCIATES, P.C.**
Attorneys for Movant
Main Office: 51 East Bethpage Road
Plainview, NY 11803
516-741-2585

**EXHIBIT A**



<div align="center">

**Consolidated Note**
~~NOTE~~

(NEW YORK FIXED RATE)

</div>

LOAN NO.:

| | | |
|---|---|---|
| MARCH 27, 2003 | MEDFORD | NY |
| [Date] | [City] | [State] |

<div align="center">

**54 CLIFFORD BOULEVARD**
**HAUPPAUGE, NY  11788**
[Property Address]

</div>

**1. BORROWER'S PROMISE TO PAY**

 In return for a loan that I have received, I promise to pay U.S. $   **219,850.00**   (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is

**HARTFORD FUNDING, LTD**

I will make all payments under this Note in the form of cash, check or money order.

 I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

 Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   **5.250**   %.

 The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

 **(A) Time and Place of Payments**

 I will pay principal and interest by making a payment every month.

 I will make my monthly payment on the   **1ST**   day of each month beginning on   **MAY 1, 2003**   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   **APRIL 1, 2018**   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

 I will make my monthly payments at

**2040 OCEAN AVENUE, RONKONKOMA, NEW YORK 11779**
or at a different place if required by the Note Holder.

 **(B) Amount of Monthly Payments**

 My monthly payment will be in the amount of U.S. $   **1,767.33**

**4. BORROWER'S RIGHT TO PREPAY**

 I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

 I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5. LOAN CHARGES**

 If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a)

NEW YORK FIXED RATE NOTE - Single Family - FNMA/FHLMC Uniform Instrument
Form 3233 1/01
Laser Forms Inc. (800) 446-3555
LFI#FNMA3233  1/01                Page 1 of 3        Initials: _____

THIS IS TO CERTIFY THAT THIS
IS A TRUE AND ACCURATE COPY
OF THE ORIGINAL DOCUMENT
BY _____

any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of    15    calender days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    2.000    % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

NEW YORK FIXED RATE NOTE - Single Family - FNMA/FHLMC Uniform Instrument
Form 3233 1/01
Laser Forms Inc. (800) 446-3555
LFI#FNMA3233 1/01                                   Page 2 of 3          Initials: _____

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is given to me in the manner required by Section 15 of this Security Instrument. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
THOMAS NOFER                      -Borrower

_____ (Seal)
JANINE NOFER                      -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

[Sign Original Only]

NEW YORK FIXED RATE NOTE - Single Family - FNMA/FHLMC Uniform Instrument
Form 3233 1/01
Laser Forms Inc. (800) 446-5555
LFI #FNMA3233  1/01                    Page 3 of 3







**SUFFOLK COUNTY CLERK**
**RECORDS OFFICE**
**RECORDING PAGE**

Type of Instrument: MECA/MOP: CONSOLIDATION
Number of Pages: 7
MORTGAGE NUMBER: CU23716

Recorded:     05/15/2003
At:           12:09:32 PM
LIBER:        M00020393
PAGE:         172

| District: | Section: | Block: | Lot: |
|---|---|---|---|
| 0800 | 158.00 | 02.00 | 002.002 |

EXAMINED AND CHARGED AS FOLLOWS
Mortgage Amount:     $219,850.00

Received the Following Fees For Above Instrument

| | | Exempt | | | Exempt |
|---|---|---|---|---|---|
| Page/Filing | $21.00 | NO | Handling | $5.00 | NO |
| COE | $5.00 | NO | NYS SURCHG | $15.00 | NO |
| Affidavit | $5.00 | NO | Notation | $1.00 | NO |
| Cert.Copies | $0.00 | NO | RPT | $30.00 | NO |
| SCTM | $0.00 | NO | Mort.Basic | $0.00 | NO |
| Mort.Addl | $0.00 | NO | Mort.SplAddl | $0.00 | NO |
| Mort.SplAsst | $0.00 | NO | | | |
| | | | Fees Paid | $82.00 | |

MORTGAGE NUMBER: CU23716
THIS PAGE IS A PART OF THE INSTRUMENT

Edward P.Romaine
County Clerk, Suffolk County

| | | 1 | 2 | | | 3 | |
|---|---|---|---|---|---|---|---|

Number of pages

**TORRENS**

Serial # _____

Certificate # _____

Prior Ctf. # _____

RECORDED
2003 May 15 12:09:32 PM
Edward P. Romaine
CLERK OF
SUFFOLK COUNTY
L M00020393
P 172
CU23716

| Deed / Mortgage Instrument | Deed / Mortgage Tax Stamp | Recording / Filing Stamps |
|---|---|---|

**FEES**

Page / Filing Fee _____ 21

Handling _____ 5

TP-584

Notation _____ 1

EA-52 17 (County) _____     Sub Total _____ 27

EA-5217 (State)

R.P.T.S.A. _____ 30

Comm. of Ed. _____ 5 00

Affidavit _____ 5

Certified Copy

Reg. Copy _____ 1

Other _____ 1     Sub Total _____ 55

GRAND TOTAL _____ 82

Mortgage Amt. 219850

1. Basic Tax _____

2. Additional Tax _____

Sub Total _____

Spec./Assit.
Or
Spec./Add. _____

TOT. MTG. TAX _____
Dual Town _____ Dual County _____
Held for Apportionment _____

Transfer Tax _____

Mansion Tax
The property covered by this mortgage is or
will be improved by a one or two family
dwelling only.
YES _____ or NO _____
If NO, see appropriate tax clause on page #
_____ of this instrument.

| 5 | Real Property Tax Service Agency Verification | 6 | Community Preservation Fund |
|---|---|---|---|

Dist. ___ Section ___ Block ___ Lot ___

0800 15800 0200 002002

P T S
R KTI A
18-APR-03

Consideration Amount $ _____

CPF Tax Due $ _____

Improved _____

Vacant Land _____

TD _____

TD _____

TD _____

7    Satisfactions/Discharges/Releases List Property Owners Mailing Address
**RECORD & RETURN TO:**

Hartford Funding LTD.
2040 Ocean Ave
Ronkonkoma NY 11779

| 8 | Title Company Information |
|---|---|

Co. Name Integrated Abstract

Title # WI 00-8005-5

## Suffolk County Recording & Endorsement Page

This page forms part of the attached Consolidation Extension Modification Agreement made by:
(SPECIFY TYPE OF INSTRUMENT)

Thomas Nifer
Janine Nifer

TO

Hartford Funding LTD.

The premises herein is situated in
SUFFOLK COUNTY, NEW YORK.

In the Township of Smithtown

In the VILLAGE
or HAMLET of Hauppauge

BOXES 5 THRU 9 MUST BE TYPED OR PRINTED IN BLACK INK ONLY PRIOR TO RECORDING OR FILING.

Dear Taxpayer,

Your satisfaction of mortgage has been filed in my office and I am enclosing the original copy for your records.

If a portion of your monthly mortgage payment included your property taxes, you will now need to contact your local Town Tax Receiver so that you may be billed directly for all future property tax bills.

Local property taxes are payable twice a year: on or before January 10th and on or before May 31st. Failure to make payments in a timely fashion could result in a penalty.

Please contact your local Town Tax Receiver with any questions regarding property tax payment.

| | |
|---|---|
| Babylon Town Receiver of Taxes | Riverhead Town Receiver of Taxes |
| 200 East Sunrise Highway | 200 Howell Avenue |
| North Lindenhurst, N.Y. 11757 | Riverhead, N.Y. 11901 |
| (516) 957-3004 | (516) 727-3200 |
| | |
| Brookhaven Town Receiver of Taxes | Shelter Island Town Receiver of Taxes |
| 250 East Main Street | Shelter Island Town Hall |
| Port Jefferson, N.Y. 11777 | Shelter Island, N.Y. 11964 |
| (516) 473-0236 | (516) 749-3338 |
| | |
| East Hampton Town Receiver of Taxes | Smithtown Town Receiver of Taxes |
| 300 Pantigo Place | 99 West Main Street |
| East Hampton, N.Y. 11937 | Smithtown, N.Y. 11787 |
| (516) 324-2770 | (516) 360-7610 |
| | |
| Huntington Town Receiver of Taxes | Southampton Town Receiver of Taxes |
| 100 Main Street | 116 Hampton Road |
| Huntington, N.Y. 11743 | Southampton, N.Y. 11968 |
| (516) 351-3217 | (516) 283-6514 |
| | |
| Islip Town Receiver of Taxes | Southold Town Receiver of Taxes |
| 40 Nassau Avenue | 53095 Main Road |
| Islip, N.Y. 11751 | Southold, N.Y. 11971 |
| (516) 224-5580 | (516) 765-1803 |

Sincerely,

*Edward P. Romaine*

Edward P. Romaine
Suffolk County Clerk

dw
2/99

WHEN RECORDED MAIL TO:
HARTFORD FUNDING, LTD.
2040 OCEAN AVENUE
RONKONKOMA, NEW YORK 11779

[Space Above This Line For Recording Data] 618C

# CONSOLIDATION, EXTENSION AND MODIFICATION AGREEMENT    WJ-00-8008

Loan No.:

## WORDS USED OFTEN IN THIS DOCUMENT

(A) "Agreement." This document, which is dated        MARCH 27, 2003        , and exhibits and riders attached to this document will be called the "Agreement".

(B) "Borrower." THOMAS NOFER AND JANINE NOFER.

will be called "Borrower" and sometimes "I" or "me". Borrower's address is
54 CLIFFORD BOULEVARD
HAUPPAUGE, NY 11788

(C) "Lender."
HARTFORD FUNDING, LTD

will be called "Lender" and sometimes "Note Holder". Lender is a corporation or association which exists under the laws of        The State of NEW YORK        . Lender's address is
2040 OCEAN AVENUE
RONKONKOMA, NY 11779

(D) "Mortgages." The mortgages, deeds of trust or other security instruments identified below and any additional security instruments and related agreements (such as assignments, extensions, modifications or consolidations of mortgages) identified in Exhibit A to this Agreement will be called the "Mortgages";

(E) "Note Holder." Lender or anyone who succeeds to Lender's rights under this Agreement and who is entitled to receive the payments I agree to make under this Agreement may be called the "Note Holder."

(F) "Notes." The Notes which are identified in Exhibit A to this Agreement, and which are secured by the Mortgages, will be called the "Notes";

(G) "Property." The property which is described in the Mortgage(s) and in Exhibit B to this Agreement (Legal Description), will be called the "Property." The Property is located at:

54 CLIFFORD BOULEVARD
[Street]

| HAUPPAUGE | NY | 11788 |
|-----------|----|----|
| [City] | [State] | [Zip Code] |

I promise and I agree with Lender as follows:

## I. BORROWER'S AGREEMENT ABOUT OBLIGATION UNDER THE NOTES AND MORTGAGES

I agree to take over all of the obligations under the Notes and Mortgages as consolidated and modified by this Agreement as Borrower. This means that I will keep all of the promises and agreements made in the Notes and Mortgages even if some other person made those promises and agreements before me. The total unpaid principal balance of the Notes is U.S. $ 219,850.00    of this amount, U.S. $    3,864.31 was advanced to me (or for my account) immediately prior to this consolidation.

## II. AGREEMENT TO COMBINE NOTES AND MORTGAGES

(A) By signing this Agreement, Lender and I are combining into one set of rights and obligations all of the promises and agreements stated in the Notes and Mortgages including any earlier agreements which combined or extended rights and obligations under any of the Notes and Mortgages. This means that all of Lender's rights in the Property are combined so that under the law Lender has one mortgage and I have one loan obligation which I will pay as provided in this Agreement. This combining of notes and mortgages is known as a "Consolidation."

CONSOLIDATION, EXTENSION AND MODIFICATION AGREEMENT - Single Family - FNMA/FHLMC Uniform Instrument
Form 3172 1/01
Laser Forms Inc. (800) 446-3555
LFI #FNMA3172-L 1/01        Page 1 of 3        Initials

(B) In the event that Exhibit A indicates that all of the Notes and Mortgages have already been combined by a previous agreement, then Lender and I agree to change the terms of Section II, paragraph (A) of this Agreement to the following:

> Lender and I agree that all of the promises and agreements stated in the Notes and Mortgages – including any earlier agreements which combined, modified, or extended rights and obligations under any of the Notes and Mortgages – have been combined into one set of rights and obligations by an earlier agreement which is referred to in Exhibit A. This means that all of the Lender's rights in the Property have already been combined so that under the law Lender already has one mortgage and I have one loan obligation which I will pay as provided in this Agreement. The combining of notes and mortgages is known as a "Consolidation."

## III. AGREEMENT TO CHANGE TERMS OF THE CONSOLIDATED NOTE

The Notes together will be called the "Consolidated Note." Lender and I agree that the terms of the Consolidated Note which is attached to this Agreement as Exhibit C. The Consolidated Note, as modified, contains the terms of payment for the amounts that I owe to Note Holder. I agree to pay the amounts due under the Notes in accordance with the terms of the Consolidated Note, as modified.

## IV. AGREEMENT TO CHANGE TERMS OF THE CONSOLIDATED MORTGAGE

The Mortgages together will be called the "Consolidated Mortgage." Lender and I agree that the terms of the Consolidated Mortgage are changed to be the terms of the Mortgage attached to this Agreement as Exhibit D. The Consolidated Mortgage secures the Consolidated Note and will constitute in law a single lien upon the Property. I agree to be bound by the terms set forth in the Consolidated Mortgage which will supersede all terms, covenants and provisions of the Mortgages.

## V. NO SET-OFF, DEFENSES

I agree that I have no right of set-off or counterclaim, or any defense to the obligations of the Consolidated Note or the Consolidated Mortgage.

## VI. BORROWER'S INTEREST IN THE PROPERTY

I promise that I am the lawful owner occupying the Property and that I have the right to consolidate, modify and extend the Note and Mortgages.

## VII. WRITTEN TERMINATION OR CHANGE OF THIS AGREEMENT

This Agreement may not be terminated, changed, or amended except by a written agreement signed by the party whose rights or obligations are being changed by that agreement.

## VIII. OBLIGATIONS OF BORROWERS AND OF PERSONS TAKING OVER BORROWER'S OR LENDER'S RIGHTS OR OBLIGATIONS

If more than one person signs this Agreement as Borrower, each of us is fully and personally obligated to keep all of Borrower's promises and obligations contained in this Agreement. The Note Holder may enforce its rights under this Agreement against each of us individually or against all of us together.

The terms of the Consolidated Note and the Consolidated Mortgage may not allow any person to take over my rights or obligations under this Agreement. Lender and I agree that if any person is permitted to take over my rights and obligations under this Agreement, that person will have all of my rights and will be obligated to keep all of my promises and agreements made in this Agreement. Similarly, any person who takes over Lender's rights or obligations under this Agreement will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Agreement.

## IX. LIEN LAW

I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that I will: (A) hold all amounts which I receive and which I have a right to receive from Lender under the Consolidated Note as a "trust fund;" and (B) use those amounts to pay for "cost of improvement" (as defined in the New York Lien Law) before I use them for any other purpose. The fact that I am holding those amounts as a "trust fund" means that for any building or other improvement located on the Property I have a special responsibility under the law to use the amount in the manner described in this Section IX.

## X. TYPE OF PROPERTY

Check box as applicable.

- [ ] This Agreement covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six (6) residential dwelling units with each dwelling unit having its own separate cooking facilities.
- [x] This Agreement covers real property improved, or to be improved, by a one (1) or two (2) family dwelling only.
- [ ] This Agreement does not cover real property improved as described above.

By signing this Agreement, Lender and I agree to all of the above.

| | |
|---|---|
| HARTFORD FUNDING, LTD - Lender | _Thomas Nofer_ - Borrower |
| | THOMAS NOFER |
| By: _____ | _Janine Nofer_ - Borrower |
| JOSEPH LATINI | JANINE NOFER |
| | _____ - Borrower |
| | _____ - Borrower |

[Space Below This Line For Acknowledgment]

THE STATE OF NEW YORK COUNTY OF SUFFOLK:                    ) ss.:
On the **27** day of **MARCH** in the year **2003** before me, the undersigned, personally appeared **THOMAS NOFER AND JANINE NOFER , AND JOSEPH LATINI**

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the

(insert the city or other political subdivision and the state or country or other place the acknowledgment was taken).

_____
[Signature and office of individual taking acknowledgment]

MICHAEL HARRISON
NOTARY PUBLIC, State of New York
No. 01HA5025220
Qualified in Suffolk County
Commission Expires March 21, ____

# ATTACHMENT A

(1) The Mortgage given by THOMAS NOFER AND JANINE NOFER,

and dated    MARCH 27, 2003    in favor of
HARTFORD FUNDING, LTD
securing the original principal amount of U.S. $    3,864.31    . This Mortgage is on a Fannie
Mae/Freddie Mac Security Instrument and [XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
[will be recorded together with this Agreement.] [Strike and complete as appropriate.] XXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX[Strike if not applicable.]
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
[Strike and complete as appropriate.]
(2) The Mortgage given by
THOMAS NOFER AND JANINE NOFER
and dated    DECEMBER 30, 1998    in favor of
HARTFORD FUNDING, LTD. -
securing the original principal amount of U.S. $    227,150.00    . This Mortgage was recorded on
FEBRUARY 1, 1999    in the    SUFFOLK
of    COUNTY    , State of New York, at
THE SUFFOLK COUNTY CLERK'S OFFICE IN LIBER: 19465 PAGE:207
At this date, the unpaid principal balance secured by this Mortgage is U.S. $    215,985.69    . [Strike if
not applicable.] XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
[Strike and complete as appropriate.]
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX §Strike if
not applicable.] XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
[Strike and complete as appropriate.]

**EXHIBIT B**



**SERVICELINK**

# Broker Price Opinion Exterior

## Client Information

| | |
|---|---|
| Client: Cenlar - Foreclosure | Portfolio / Project Name: |
| Order Number: 19152409 | Alternate Loan Number: |
| Loan Number: 0058333212 | Inspection Date: 1/15/2015 |
| Owner / Borrower: THOMAS NOFER | Inspection Type: Exterior |
| Subject Address: 54 CLIFFORD BLVD | Contact: THOMAS NOFER |
| HAUPPAUGE, NY 11788 | Contact Phone: (631) 406-6900 |

## Subject Tax and Sale Information

| | |
|---|---|
| Estimated Tax Assessed Value Date: | Last Known Sale Date: 12/30/1998 |
| Tax Assessed Value: $0.00 | Last Known Sale Price: $255,000.00 |

## Neighborhood Information

| | |
|---|---|
| Predominant Occupancy: Owner | Average Market Time of Sales: 82 |
| No. of Homes in Direct Competition: 4 | Price Range (Low to High): $375,000.00  to  $640,000.00 |
| Density: Suburban | Predominant Value: $455,167.00 |
| Zoning: Residential | Property Values Trend: Stable |
| Property Maintenance: Good | Market Rent: 2500 |
| | Market Rent Trend: Stable / 0.00% annually |

Market / Neighborhood Comments: The subject is located on a quiet residential street at the beginning of a cul-de-sac. Subject is in a new subdivision surrounded by older homes in the immediate market area. Close to major roadways and local shopping. Good curb appeal in the area. Market conditions are improving with inventory levels close to normal market conditions. Market values have also stabilized.

## Subject Property

| | |
|---|---|
| Listed in Last 12 Months: No | Currently Listed: No |
| Vacant: No | List Price: $0.00 |
| Secured: Yes | Listing Agent Name: |
| Conform to Neighborhood Yes | Listing Agent Phone: |
| Estimated Land Price $165,000.00 | Days on Market: 0 |

Mobile Home Permanently Attached and Taxed as Real Estate: N/A

Problem for Resale: No

Environmental Problem: No

Subject Data Source(s):  ☒ Tax Records   ☐ SiteXdata   ☐ MLS #      ☐ RealQuest   ☐ REDLINK   ☒ Estimated   ☐ Other

Explanation of Estimated or Other Sources: All information from tax records and estimated based on visual exterior inspection and similar MLS in the area. No information on subject in MLS

Positive Subject Comments: Younger home, good curb appeal, full basement and garage, larger than typical property for the area, style of home is desirable, good location.

Negative Subject Comments: no CAC

© ServiceLink 2014, All Rights Reserved.

 **SERVICELINK**

# Broker Price Opinion Exterior

Order #: 19152409          Loan #:  0058333212          Client:  Cenlar - Foreclosure

## Comparative Sale Information

| | SUBJECT ADDRESS | COMPARABLE 1 | COMPARABLE 2 | COMPARABLE 3 |
|---|---|---|---|---|
| Street Address: | 54 CLIFFORD BLVD | 30 Thomas Dr | 7 Garvey Dr | 18 Sheila Dr |
| City, State, Zip: | HAUPPAUGE, NY 11788 | Hauppauge, NY 11788 | Hauppauge, NY 11788 | Hauppauge, NY 11788 |
| Property Type: | Single Family | Single Family | Single Family | Single Family |
| Property Style: | Colonial | Colonial | Colonial | Colonial |
| Number of Units: | 1 | 1 | 1 | 1 |
| Proximity to Subject: | | 0.86 Miles | 0.68 Miles | 0.55 Miles |
| Sale Date: | 12/30/1998 | 9/17/2014 | 11/10/2014 | 8/12/2014 |
| Sold Price: | $255,000.00 | $465,000.00 | $499,000.00 | $517,000.00 |
| Days on Market: | | 178 | 18 | 11 |
| Location: | Good | Average | Average | Average |
| Lot Size: | 16988 Square Feet | 10454 Square Feet | 10890 Square Feet | 11761 Square Feet |
| Lot Size is: | Typical | Typical | Typical | Typical |
| Age in Years: | 17 | 47 | 45 | 46 |
| Condition: | Good | Average | Good | Good |
| Total Rooms: | 8 | 8 | 8 | 8 |
| Bedrooms: | 4 | 4 | 4 | 4 |
| Bathrooms: | 2 Full 1 Half | 2 Full 1 Half | 2 Full 1 Half | 2 Full 1 Half |
| Above Grade Sq. Footage: | 2147 | 2000 | 2200 | 2200 |
| Total Below Grade Sq.Ft.: | 1000 | 900 | 1000 | 1000 |
| Garage: | 2.00 car / Attached | 2.00 car / Attached | 2.00 car / Attached | 2.00 car / Attached |
| Carport: | 0.00 car / NA | 0.00 car / NA | 0.00 car / NA | 0.00 car / NA |
| Comparison to Subject: | | Inferior | Equal | Equal |
| Comparable Data Source: | | MLS | MLS | MLS |
| MLS Listing Number: | | 2643154 | 2695072 | 2675227 |

| Explanation of Estimated or Other responses above: | |
|---|---|

| Comments on Comparable 1: | Colonial style, older than subject, CAC, hardwood floors, rear deck, full unfinished basement, updated kitchen and baths, less GLA and less property. |
|---|---|

| Comments on Comparable 2: | Colonial style, full unfinished basement, less property, hardwood floors, fireplace, many updates, rear patio, new kitchen w/granite, two new baths, upgraded electric. |
|---|---|

| Comments on Comparable 3: | Colonial style, full finished basement, CAC, hardwood floors, fireplace, less property, new kitchen and baths, new windows, updated roof, new appliances. |
|---|---|

© ServiceLink 2014, All Rights Reserved.

 **SERVICELINK**

**Broker Price Opinion Exterior**

Order #: 19152409      Loan #: 0058333212      Client:   Cenlar - Foreclosure

## Comparative Listing Information

| | SUBJECT ADDRESS | COMPARABLE 1 | COMPARABLE 2 | COMPARABLE 3 |
|---|---|---|---|---|
| Street Address: | 54 CLIFFORD BLVD | 611 Townline Rd | 11 Sandra Dr | 6 Sequoia Dr |
| City, State, Zip: | HAUPPAUGE, NY   11788 | Hauppauge, NY 11788 | Hauppauge, NY 11788 | Hauppauge, NY 11788 |
| Property Type: | Single Family | Single Family | Single Family | Single Family |
| Property Style: | Colonial | Colonial | Colonial | Colonial |
| Number of Units: | 1 | 1 | 1 | 1 |
| Proximity to Subject: | | 0.92 Miles | 0.56 Miles | 0.41 Miles |
| Listing Date: | | 2/10/2014 | 9/27/2014 | 7/25/2014 |
| Days on Market: | | 336 | 111 | 173 |
| Listing Price: | | $499,000.00 | $449,000.00 | $515,000.00 |
| Location: | Good | Fair | Good | Average |
| Lot Size: | 16988 Square Feet | 31799 Square Feet | 11326 Square Feet | 10890 Square Feet |
| Lot Size is: | Typical | Atypical | Typical | Typical |
| Age in Years: | 17 | 56 | 47 | 30 |
| Condition: | Good | Good | Average | Good |
| Total Rooms: | 8 | 8 | 8 | 8 |
| Bedrooms: | 4 | 4 | 4 | 3 |
| Bathrooms: | 2 Full 1 Half | 2 Full 1 Half | 2 Full 1 Half | 3 Full 1 Half |
| Above Grade Sq.Footage: | 2147 | 2140 | 2050 | 2200 |
| Total Below Grade Sq.Ft.: | 1000 | 600 | 500 | 1000 |
| Garage: | 2.00 car / Attached | 2.00 car / Attached | 2.00 car / Attached | 0.00 car / NA |
| Carport: | 0.00 car / NA | 0.00 car / NA | 0.00 car / NA | 0.00 car / NA |
| Comparison to Subject: | | Inferior | Inferior | Equal |
| Comparable Data Source: | | MLS | MLS | MLS |
| MLS Listing Number: | | 2646330 | 2722607 | 2693566 |

| Explanation of Estimated or Other responses above: | |
|---|---|

Comments on Comparable 1:   Colonial style on busy secondary road, part finished basement, CAC, fireplace, hardwood floors, renovated throughout, new kitchen and baths, new siding, oversized property for the area.

Comments on Comparable 2:   Smaller colonial style, part unfinished basement, hardwood floors, fireplace, patio, less property, updated kitche nand baths, updated windows, updated siding, roof and heating system.

Comments on Comparable 3:   Colonial style, full finished basement, converted garage, hardwood floors, CAC, fireplace, updated kitchen and baths.

© ServiceLink 2014, All Rights Reserved.



SERVICELINK

# Broker Price Opinion Exterior

Order #: 19152409          Loan #: 0058333212          Client:    Cenlar - Foreclosure

## Addendum

Any Additional comments regarding market area, conditions, area growth or decline, crime activity, hazards, repairs and the like.

The subject is a colonia lstyle home with good curb appeal.  lot size and GLA from tax records.  All other information estimated from exterior inspection and similar homes in the area that were previously on MLS.  No comps of similar age to the subject recently sold or currently listed.  comps chosen were the best available based on style, size and location.  Adjustments taken as needed.

## Estimates of Price

Discuss how you   Based on recent sales in the area and in line with current listing inventory after adjustments.
arrived at these prices:

| | |
|---|---|
| As Is Price Opinion: $505,000.00 | As Repaired Price Opinion: $505,000.00 |
| As Is Quick Sale: $490,000.00 | As Repaired Quick Sale: $490,000.00 |
| As Is Suggested List: $514,900.00 | As Repaired Suggested List: $514,900.00 |
| | Estimated Cost to Repair: $0.00 |

Average Market Time of Sale (listing date to contract date):        82

ServiceLink's Broker Price Opinion offers an opinion derived from analysis based on inspection of the subject property and analysis of the local market data as performed by a licensed real estate professional.  Information in the report may be gathered from multiple sources, including but not limited to multiple listing services (MLS), public records, public records data services, city/county office websites, proprietary files, mapping services, or may be provided by the client.  In some cases information on the subject property may be limited or unavailable, and, in some instances, may be derived from an exterior inspection of the property.  The information provided assumes, unless otherwise stated in the report, the subject property is in average condition, contains no environmental, structural, or title related defects, the real property interests are fee simple, and the information relied upon is accurate.  The report is based upon data that is deemed generally acceptable for products of this type.  The analysis of an interest in real property for ownership or collateral purposes is prepared for the above named client only.  The intended use is to assist the designated client in making an independent, internal decision regarding the subject property.  The use of this report by anyone other than the client for any purpose is not permitted or authorized by Black Knight Financial Services Company, including its subsidiaries and affiliates ("ServiceLink").  Any other use of the report by any other party is prohibited.  This document is not an appraisal.  The product is provided "AS IS", and no guarantee or warranty is provided.  ServiceLink will not be liable for any loss, damage or injury arising out of, or in conjunction with, the client's utilization of the information contained in this report.  If this report is intended to be used for loan origination purposes, the loan transaction value must be $250,000.00, or less, as required by Title XI of FIRREA.

## Notwithstanding any preprinted language to the contrary, this opinion is not an appraisal of the market value of the property. If an appraisal is desired, the services of a licensed or certified appraiser must be obtained.

© ServiceLink 2014, All Rights Reserved.


SERVICELINK

# Broker Price Opinion Exterior

Order #:  19152409          Loan #:  0058333212          Client:   Cenlar - Foreclosure

## Property Map

If MapPoint was unable to locate the property(s), distances from comparable property(s) were estimated.

## Photos



Subject (Front View)

© ServiceLink 2014, All Rights Reserved.

 SERVICELINK

# Broker Price Opinion Exterior

Order #:  19152409          Loan #:  0058333212          Client:    Cenlar - Foreclosure

## Photos

| | Subject (Rear View) |
|---|---|
| | Street View |
| | Address Verification |

© ServiceLink 2014, All Rights Reserved.



**Broker Price Opinion Exterior**

Order #: 19152409          Loan #: 0058333212          Client: Cenlar - Foreclosure

## Photos

| | Signature |
|---|---|
| | Sales Comp 1 |
| | Sales Comp 2 |

© ServiceLink 2014, All Rights Reserved.

SERVICELINK

**Broker Price Opinion Exterior**

Order #: 19152409          Loan #: 0058333212          Client:   Cenlar - Foreclosure

**Photos**



 SERVICELINK

# Broker Price Opinion Exterior

Order #: 19152409          Loan #: 0058333212          Client:    Cenlar - Foreclosure

## Photos



Listed Comp 3

© ServiceLink 2014, All Rights Reserved.

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
IN RE:                                                    Chapter 7
Thomas Nofer,                                             Case# 12-46694
                                            Debtor.
--------------------------------------------------------------------x

---

## RELIEF FROM STAY - REAL ESTATE AND COOPERATIVE APARTMENTS

---

## BACKGROUND INFORMATION

1. ADDRESS OF REAL PROPERTY OR COOPERATIVE APARTMENT: 54 Clifford Blvd, Hauppauge, NY 11788

2. LENDER NAME: Hartford Funding, LTD

3. MORTGAGE DATE: 03/27/2003

4. POST-PETITION PAYMENT ADDRESS:
Cenlar FSB
425 Phillips Boulevard
Ewing, NJ 08618

## DEBT AND VALUE REPRESENTATIONS

5. TOTAL PRE-PETITION AND POST-PETITION INDEBTEDNESS OF DEBTOR(S) TO MOVANT AT THE TIME OF FILING THE MOTION: $295,421.74 as of 2/3/2015
(*THIS MAY NOT BE RELIED UPON AS A "PAYOFF" QUOTATION.*)

6. MOVANT'S ESTIMATED MARKET VALUE OF THE REAL PROPERTY OR COOPERATIVE APARTMENT AS OF THE MOTION FILING DATE: $505,000.00

7. SOURCE OF ESTIMATED MARKET VALUE: BPO

## STATUS OF THE DEBT AS OF THE PETITION DATE

8. DEBTOR(S)'S INDEBTEDNESS TO MOVANT AS OF THE PETITION DATE:

| | |
|---|---|
| A. TOTAL: | $295,311.24 |
| B. PRINCIPAL: | $224,644.98 |
| C. INTEREST: | $16,885.38 |
| D. ESCROW (TAXES AND INSURANCE): | $46,081.46 |
| E. FORCED PLACED INSURANCE EXPENDED BY MOVANT: | $0.00 |
| F. PRE-PETITION ATTORNEYS' FEES CHARGED TO DEBTOR(S): | $2,850.00 |
| G. PRE-PETITION LATE FEES CHARGED TO DEBTOR(S): | $76.12 |

9. CONTRACTUAL INTEREST RATE: <u>2.000%</u>
*(IF THE INTEREST RATE HAS CHANGED, LIST THE RATE(S) AND DATE(S) THAT EACH RATE WAS IN EFFECT ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE:_____.)*

10. OTHER PRE-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE: <u>Foreclosure Costs: $3,630.78; Title Fees: $545.00; Property Inspections: $247.00; BPO's: $105.00; Miscellaneous Fees: $245.52</u>
*(IF ADDITONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE:_____.)*

## AMOUNT OF POST-PETITION DEFAULT AS OF THE MOTION FILING DATE

11. DATE OF RECEIPT OF LAST PAYMENT: No post-petition payments received

12. NUMBER OF PAYMENTS DUE FROM PETITION DATE TO MOTION FILING DATE: <u>29</u> PAYMENTS.

13. POST-PETITION PAYMENTS IN DEFAULT:

| PAYMENT DUE DATE | AMOUNT DUE | AMOUNT RECEIVED | AMOUNT APPLIED TO PRINCIPAL | AMOUNT APPLIED TO INTEREST | AMOUNT APPLIED TO ESCROW | LATE FEE CHARGED |
|---|---|---|---|---|---|---|
| 10/1/2012 | $1,815.44 | $0.00 | | | | |
| 11/1/2012 | $1,815.44 | $0.00 | | | | |
| 12/1/2012 | $1,815.44 | $0.00 | | | | |
| 1/1/2013 | $1,815.44 | $0.00 | | | | |
| 2/1/2013 | $1,815.44 | $0.00 | | | | |
| 3/1/2013 | $1,815.44 | $0.00 | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 4/1/2013 | $1,815.44 | $0.00 | | | | |
| 5/1/2013 | $1,815.44 | $0.00 | | | | |
| 6/1/2013 | $1,815.44 | $0.00 | | | | |
| 7/1/2013 | $1,815.44 | $0.00 | | | | |
| 8/1/2013 | $1,815.44 | $0.00 | | | | |
| 9/1/2013 | $1,815.44 | $0.00 | | | | |
| 10/1/2013 | $1,815.44 | $0.00 | | | | |
| 11/1/2013 | $1,815.44 | $0.00 | | | | |
| 12/1/2013 | $1,815.44 | $0.00 | | | | |
| 1/1/2014 | $1,815.44 | $0.00 | | | | |
| 2/1/2014 | $1,815.44 | $0.00 | | | | |
| 3/1/2014 | $1,815.44 | $0.00 | | | | |
| 4/1/2014 | $1,815.44 | $0.00 | | | | |
| 5/1/2014 | $1,815.44 | $0.00 | | | | |
| 6/1/2014 | $1,815.44 | $0.00 | | | | |
| 7/1/2014 | $1,815.44 | $0.00 | | | | |
| 8/1/2014 | $1,815.44 | $0.00 | | | | |
| 9/1/2014 | $1,815.44 | $0.00 | | | | |
| 10/1/2014 | $1,815.44 | $0.00 | | | | |
| 11/1/2014 | $1,815.44 | $0.00 | | | | |
| 12/1/2014 | $1,815.44 | $0.00 | | | | |
| 1/1/2015 | $1,815.44 | $0.00 | | | | |
| 2/1/2015 | $1,815.44 | $0.00 | | | | |
| **TOTALS** | **$52,647.76** | **$0.00** | $ | $ | $ | $ |

14. OTHER POST-PETITION FEES CHARGED TO DEBTOR(S):

      A. TOTAL:                                    $2,594.00

      B. ATTORNEYS' FEES IN CONNECTION WITH THIS MOTION:  $750.00

      C. FILING FEE IN CONNECTION WITH THIS MOTION:  $176.00

      D. OTHER POST-PETITION ATTORNEYS' FEES:  $1,310.00

      E. POST-PETITION INSPECTION FEES:  $118.00

      F. POST-PETITION APPRAISAL/BROKER'S PRICE OPINION FEES: $105.00

      G. FORCED PLACED INSURANCE EXPENDED BY MOVANT:  $0.00

15. AMOUNT HELD IN SUSPENSE BY MOVANT:  $0.00

16. OTHER POST-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE: Title Searches: $135.00

# REQUIRED ATTACHMENTS TO MOTION

PLEASE ATTACH THE FOLLOWING DOCUMENTS TO THIS MOTION AND INDICATE THE EXHIBIT NUMBER ASSOCIATED WITH EACH DOCUMENT.

(1)    COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S INTEREST IN THE SUBJECT PROPERTY.  FOR PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE PROMISSORY NOTE OR OTHER DEBT INSTRUMENT TOGETHER WITH A COMPLETE AND LEGIBLE COPY OF THE MORTGAGE AND ANY ASSIGNMENTS IN THE CHAIN FROM THE ORIGINAL MORTGAGEE TO THE CURRENT MOVING PARTY. (EXHIBIT __A__.)

(2)    COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S STANDING TO BRING THIS MOTION. (EXHIBIT __A__.)

(3)    COPIES OF DOCUMENTS THAT ESTABLISH THAT MOVANT'S INTEREST IN THE REAL PROPERTY OR COOPERATIVE APARTMENT WAS PERFECTED.  FOR THE PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE FINANCING STATEMENT (UCC-1) FILED WITH THE CLERK'S OFFICE OR THE REGISTER OF THE COUNTY IN WHICH THE PROPERTY OR COOPERATIVE APARTMENT IS LOCATED. (EXHIBIT __A__.)

## DECLARATION AS TO BUSINESS RECORDS

I, __Baochau Nguyen__, THE _SERVICING AGENT_ OF Hartford Funding, LTD, THE MOVANT HEREIN, DECLARE PURSUANT 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE INFORMATION PROVIDED IN THIS FORM AND ANY EXHIBITS ATTACHED HERETO (OTHER THAN THE TRANSACTIONAL DOCUMENTS ATTACHED AS REQUIRED BY PARAGRAPHS 1, 2 AND 3, ABOVE) IS DERIVED FROM RECORDS THAT WERE MADE AT OR NEAR THE TIME OF THE OCCURRENCE OF THE MATTERS SET FORTH BY, OR FROM INFORMATION TRANSMITTED BY, A PERSON WITH KNOWLEDGE OF THOSE MATTERS; THAT THE RECORDS WERE KEPT IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY; AND THAT THE RECORDS WERE MADE IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY AS A REGULAR PRACTICE.

I FURTHER DECLARE THAT COPIES OF ANY TRANSACTIONAL DOCUMENTS ATTACHED TO THIS FORM AS REQUIRED BY PARAGRAPHS 1, 2 AND 3, ABOVE, ARE TRUE AND CORRECT COPIES OF THE ORIGINAL DOCUMENTS.

EXECUTED AT __Ewing, NJ__ <CITY/TOWN>, _NJ_ <STATE>
ON THIS _6th_ DAY OF __March__ <MONTH>, 20 _15_ <YEAR>.

Baochau Nguyen <NAME>
<TITLE>
Servicing Supervisor
Hartford Funding, LTD
425 Phillips Boulevard
Ewing, NJ 08618


## DECLARATION

I, __Baochau Nguyen__, THE _SERVICING AGENT_ OF Hartford Funding, LTD, THE MOVANT HEREIN, DECLARE PURSUANT 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT BASED ON PERSONAL KNOWLEDGE OF THE MOVANT'S BOOKS AND BUSINESS RECORDS.

EXECUTED AT __Ewing, NJ__ <CITY/TOWN>, _NJ_ <STATE> ON
THIS _6th_ DAY OF __March__ <MONTH>, 20 _15_ <YEAR>.

Baochau Nguyen <NAME>
<TITLE>
Servicing Supervisor
Hartford Funding, LTD
425 Phillips Boulevard
Ewing, NJ 08618

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

IN RE:                                          CASE NO.: 12-46694-nhl

   Thomas Nofer,                              Chapter: 7

               DEBTOR(S).        **<u>AFFIDAVIT OF SERVICE</u>**

---------------------------------------------------------X

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NASSAU   )

     Betsy Tarr, being duly sworn, deposes and says:
     I am not a party to this action, am over 18 years of age and reside in Genesee County,
New York. On March 24 , 2015, I served the within Notice of Motion, Motion for
Modification of the Automatic Stay on the following parties, by depositing a true copy thereof in
a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S.
Postal Service within New York State, addressed to each of the following persons at the last
known address set forth after each name:

Thomas Nofer
321 72nd Street
Brooklyn, NY 11209

Janine Nofer
54 Clifford Boulevard
Hauppauge, NY 11788

Dean Weber, Esq
Dean Weber PC
300 Wheeler Road
Suite 101
Hauppauge, NY 11788

Robert L Pryor, Esq.
Pryor & Mandelup, LLP
675 Old Country Road
Westbury, NY 11590

Gilbert B Weisman, Esq.
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355

Daniel Mirarchi
115-102 Dapple Court
Wilmington, NC 28403

Jeffrey S. Dubin, Esq.
Jeffrey S. Dubin, P.C.
464 New York Avenue, Suite 100
Huntington, New York 11743

Robert J. Musso, Esq.
Trustee
26 Court Street
Suite 2211
Brooklyn, NY 11242

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

_____
Betsy Tarr

Sworn to before me this
____ day of _____, 2015

_____
NOTARY PUBLIC

ROSEMARIE E. FORTINO
Notary Public, State of New York
No. 01FO6241639
Qualified in Nassau County
Commission Expires May 23, 2015

## NOTICE OF MOTION COVER SHEET

NAME OF DEBTOR
Thomas Nofer

CASE NUMBER
12-46694-nhl

PLAINTIFF/MOVANT
Hartford Funding, LTD

DEFENDANT/RESPONDENT

ATTORNEYS
Rosicki, Rosicki & Associates, P.C.
51 East Bethpage Road
Plainview, NY 11803

ATTORNEYS IF KNOWN
Dean Weber, Esq
Dean Weber PC
300 Wheeler Road
Suite 101
Hauppauge, NY 11788

Robert L Pryor, Esq.
Pryor & Mandelup, LLP
675 Old Country Road
Westbury, NY 11590

PRINT NAME OF ATTORNEY
Eric Sheidlower, Esq.

SIGNATURE

### NATURE OF SUIT
(Check all Boxes That Apply to This Motion)

__X__    To Grant Relief from the Automatic Stay
         11 U.S.C. Section of 362(d)  ($150.00 fee required)

_____  To Withdraw the Reference of a Case
         11 U.S.C. Section 157(d)     ($75.00 fee required)
_____  To Compel Abandonment of Property
         of the Estate - B.R. 6007 (b) ($75.00 fee required)
_____  To Convert (fee not required)

_____  To Dismiss (fee not required)
_____  To Assume/Reject (fee not required)
_____  To Extend Time to Object to Discharge/Dischargeability

_____  To Extend Exclusivity Period to File Plan, Etc.
_____  Objections to Claims
_____  For Summary Judgment

_____  Other- Specify Type of Motion _____

FILING FEE (Check One) _____ Fee Attached __X__ Fee Paid Online

# *ROSICKI, ROSICKI & ASSOCIATES, P.C.*

### *ATTORNEYS AT LAW*

## *Main Office: 51 East Bethpage Road*

## *Plainview, New York 11803*

### *Telephone (516) 741-2585*

### *Facsimile (516) 873-7243*

*We are a debt collector and are attempting to collect a debt.*

*Any information obtained may be used for that purpose.*

March 20, 2015

United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

   **Re:** **Debtor: Thomas Nofer**
      **Bankruptcy Case No.: 12-46694-nhl**
      **Chapter 7**

Dear Sir or Madam:

Enclosed herewith please find one Chambers Copy of a Notice of Motion and Motion for Modification of the Automatic Stay. The appropriate filing fee in the amount of $176.00 has been paid online.

Please file this motion with the Court as it is scheduled for hearing on May 7, 2015 at 11:00 AM.

Your assistance is greatly appreciated.

Very truly yours,

ROSICKI, ROSICKI & ASSOCIATES, P.C.

Betsy Tarr
Paralegal

Enclosures